**ZUO XIU GAO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Department of Homeland Security, Respondents.**

No. 06–3173–ag.

United States Court of Appeals, Second Circuit.

Jan. 19, 2007.

Stuart Altman, New York, New York, for Petitioner.

Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana; Joseph S. Reid, Assistant United States Attorney, Hammond, Indiana, for Respondents.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Zuo Xiu Gao, a native and citizen of the People's Republic of China,

seeks review of a June 21, 2006 order of the BIA affirming the March 9, 2005 decision of Immigration Judge ("IJ") Brigitte Laforest denying Gao's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zuo Xiu Gao*, No. A 79 098 694 (B.I.A. June 21, 2006), *aff'g* No. A 79 098 694 (Immig. Ct. N.Y. City March 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Here, the BIA and IJ properly relied on the inconsistency between Gao's testimony and airport statement to support their adverse credibility determinations. Gao testified that he left China because he violated that country's family planning policy by impregnating his girlfriend when they were underage and unmarried. In contrast, he indicated at his airport interview that he came to the United States because he and his girlfriend fought, and her parents and friends subsequently tried to beat him. While neither the Government nor IJ specifically asked Gao to explain why he omitted the abortion from his airport interview, this was the type of "dramatic" discrepancy that the agency could rely on without first soliciting an explanation from the applicant. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005); *see also Xian Tuan Ye v. DHS*, 446 F.3d 289, 295–96 (2d Cir.2006) (holding that an applicant's failure to include any reference to his alleged detention and beating in his I–589 form is a "self evident" inconsistency that the agency may rely on without first soliciting an explanation).

While the airport statement in the instant case did not appear to be a verbatim transcript of Gao's responses, it satisfies the standard of reliability we set forth in *Ramsameachire v. Ashcroft*, 357 F.3d 169 (2d Cir.2004). The transcript of Gao's airport statement reflects that several questions were posed to Gao which could have elicited information regarding his girlfriend's alleged abortion. Instead, he mentioned only a fight the couple had and a subsequent conflict with his girlfriend's family. Gao's argument that there were significant problems regarding the translation of his testimony is unavailing. Although he contends that he "clearly had a problem" with the Fuzhou language at the interview, he testified that he is fluent in both Mandarin and Fuzhou. Gao's argument that there were "clear interpretation errors" in the airport interview similarly fails. The only example of such an error that Gao provides is the translator's use of "Yeung Ying" for the name of Gao's girlfriend, which the hearing interpreter clarified was simply a different—not incorrect—pronunciation of the name.

In addition, the BIA and IJ reasonably rejected Gao's explanations for his apparent inconsistency: that he did not say that he fought with his girlfriend, did not remember what he said, and was confused. *See Majidi*, 430 F.3d at 80–81 (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Furthermore, even if the translator at the airport had "a very heavy accent," as Gao claimed, this explanation did not account for why he would respond that he had a

fight with his girlfriend. Certainly, Gao never alleged that he told the immigration officer his girlfriend had a forced abortion. Because Gao's explanations for the discrepancy between his testimony and the airport interview would not compel a factfinder to excuse the discrepancy, and because the discrepancy involved the sole basis for his asylum claim, it properly supported the IJ's adverse credibility findings. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003) (finding that to form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole); *see, e.g., Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 395–98 (2d Cir.2005) (determination supported by entirely different accounts of persecution provided by applicant at her airport interview and subsequent hearing); *see also Ramsameachire,* 357 F.3d at 179–80 (setting forth the criteria that the Court generally looks to when evaluating the reliability of statements made by applicants during airport interviews).

Because the only evidence of a threat to Gao's life or freedom, or likelihood of torture, depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).